IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARAH MIDDLETON,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br><br>            Defendant.          / | No. C-09-05754 EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On April 12, 2010, Defendant, the Commissioner of Social Security, moved for summary judgment or for an order dismissing this case on the grounds that Plaintiff Farah Middleton's complaint was untimely filed. This matter, which has been fully briefed, is appropriate for decision without oral argument. For the reasons set forth below, the Court grants Defendant's motion to dismiss with leave to amend. Therefore, the Court denies as moot Defendant's motion for summary judgment.

On April 6, 2009, an Administrative Law Judge issued a decision denying Plaintiff's claim for Supplemental Social Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383d. See Declaration of Rose Ray ¶ 3(a); Ex. 1. Plaintiff requested that the Appeals Council review the ALJ's decision. Id. By notice dated September 23, 2009, the Appeals Council declined to review the ALJ's decision. Id., Ex. 2. It notified Plaintiff that she could seek judicial review of the ALJ's decision by filing a complaint in the United States District Court. The letter noted that Plaintiff had sixty days to file the civil action, that the sixty days started the day after she received the letter, that it would be assumed that she received the letter five days after the date on the letter unless she showed otherwise, and that she could ask the Appeals Council to extend

her time to file by making a request in writing and giving reasons in the request. Id., Ex. 2. Therefore, Plaintiff had until November 27, 2009 to file her complaint. Plaintiff did not file her complaint until December 8, 2009. The Social Security Administration has no requests on record from Plaintiff seeking an extension of time to file the complaint. Id. ¶ 3(b). Plaintiff's complaint does not allege that she requested an extension of time to file her complaint.

**Legal standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**Discussion**

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

1  Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  The sixty days starts the day
2  after the recipient receives notice of the Appeals Council's denial of request for review.  See 20
3  C.F.R. § 416.1481.  The date of receipt is presumed to be five days after the date of such notice,
4  unless there is a reasonable showing to the contrary made to the Appeals Council.  See 20 C.F.R. §
5  422.210(c).  Plaintiff was informed of this deadline in the notice she received.  Rose Decl., Ex. 2.
6  This sixty-day limit is not jurisdictional, but instead constitutes a statute of limitations.  Vernon v.
7  Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987); Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir. 1993).

8  Motions to dismiss based on this statute of limitations defense are granted only if the
9  assertions of the complaint would not permit the plaintiff to prove that the statute was tolled.  See
10  Vernonr, 811 F.2d at 1278.  It appears that Plaintiff's complaint is untimely, as she did not file it
11  within the prescribed period.  Although Plaintiff argues in her opposition that the time limit in the
12  Social Security Act is subject to equitable tolling or estoppel, her complaint does not allege facts
13  relating to the timing of her filing or reasons for her delay.  Instead, Plaintiff argues in her
14  opposition to Defendant's motion that Defendant should file the administrative record in this case
15  and raise the defense of statute of limitations in a responsive pleading.  See Vernon, 811 F.2d at
16  1278 ("The affirmative defense of statute of limitations, however, is properly raised in a responsive
17  pleading.").  However, the Vernon court also stated, "[i]n certain situations, the
18  statute-of-limitations defense may be raised in a motion to dismiss when the running of the statute is
19  apparent from the face of the complaint."  Id.  Therefore, because it appears that Plaintiff's
20  complaint is untimely and there are no assertions in the complaint to prove that the statute was
21  tolled, the Court grants Defendant's Motion to Dismiss.  The dismissal, however, shall be with leave
22  to amend with facts relevant to equitable tolling or estoppel.

23  The Court notes, however, that equitable tolling or estoppel is narrowly applied.  Generally,
24  federal courts grant equitable relief in only two kinds of situations: (1) when delay in filing a claim
25  is excusable and does not unduly prejudice the defendant (equitable tolling); or (2) when the
26  defendant prevented the plaintiff from asserting her claim by some kind of wrongful conduct
27  (equitable estoppel).  See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)
28  ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital

3

information bearing on the existence of his claim."). Equitable tolling will not be applied where a litigant has failed to file within the statutory deadline due to a lack of diligence. Id. However, it has been applied sparingly, for example when the statute of limitations was not complied with due to defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the notice of the statutory period was clearly inadequate. See Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (citing Irwin v. Veterans Admin., 498 U.S. 89 (1990)). Equitable estoppel requires affirmative misconduct. Oscar Socop-Gonzalez v. Immigration and Naturalization Service, 272 F.3d 1176, 1184 (9th Cir. 2001). In social security cases, the Supreme Court has noted that "in most cases the Secretary [of Social Security] will make the determination whether it is proper to extend the period within which review must be sought" but that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen v. New York, 476 U.S. 467, 480 (1986).

Therefore, if Plaintiff has a good faith belief that equitable tolling or estoppel apply to her case, she may amend her complaint no later than **June 22, 2010** to add such allegations. If Plaintiff does not amend her complaint by that date, the Court will dismiss this case with prejudice.

**IT IS SO ORDERED.**

Dated: May 28, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge