IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FARAH MIDDLETON,

        Plaintiff,

  v.

MICHAEL J. ASTRUE,

        Defendant.
                             /

No. C-09-05754 EDL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

      Plaintiff filed her original complaint on December 8, 2009, requesting review of the denial of her claim for Social Security disability benefits. An Administrative Law Judge denied Plaintiff Supplemental Social Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383d on April 6, 2009. Plaintiff requested review from the Appeals Council, but was denied review in a letter dated September 23, 2009. The letter instructed Plaintiff that she had sixty days in which to seek judicial review of the denial of benefits, or in which to request an extension for more time. Thus, Plaintiff had until November 27, 2009 to file her complaint, but did not file it until December 8, 2009. Plaintiff did not seek an extension of time from the Social Security Administration, (Rose Decl. at 3), and Plaintiff does not allege that she made such a request.

      Defendant filed a motion for summary judgment and/or a motion to dismiss in response to Plaintiff's original complaint, arguing that the statute of limitations barred Plaintiff's complaint. On May 30, 2010, the Court granted Defendant's motion to dismiss with leave to amend to allege equitable tolling and denied as moot the motion for summary judgment. Plaintiff filed her amended complaint on June 18, 2010, which was identical to her original complaint, except that Plaintiff seeks equitable tolling of the 60 day time limit, alleging she "has language barriers and mental

illness impairing the ability to meet such deadlines." Amended Complaint ("AC") ¶ 7. Defendant filed an amended motion to dismiss on July 12, 2010, arguing that equitable tolling does not apply. Plaintiff filed an opposition and Defendant filed a reply. Because this matter is appropriate for decision without oral argument, the Court did not hold a hearing. For the reasons stated below, Defendant's motion to dismiss is granted with prejudice.

**Legal standard**

In order to survive a motion to dismiss, a complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A reviewing court must limit its inquiry to "the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

The reviewing court does not have to accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. At 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Pleadings which are mere legal conclusions "are not entitled to the assumption of truth." Id. A court must examine the complaint's factual allegations to determine if they "plausibly give rise to an entitlement of relief." Id. at 1941. While the plausibility requirement is distinct from the probability requirement, a complaint's factual allegations must allow "the court to infer more than the mere possibility of misconduct . . ." in order to survive a motion to dismiss. Id. at 1949 & 1950. To state an adequate claim for relief, plaintiffs must "nudge[] their claims across the line from conceivable to plausible . . . ." Twombly, 550 U.S. at 570.

**Discussion**

The Social Security Act states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty days begins the day

2

after receipt of notice of the Appeals Council's denial of review. See 20 C.F.R. § 416.1481. The presumption is that the date of receipt is five days after the date of notice, unless the recipient can make a reasonable showing proving otherwise. See 20 C.F.R. § 422.210(c). Plaintiff was given notice of this deadline in the letter she received. Rose Decl., Ex. 2. This sixty-day limit is not a jurisdictional limit, but rather is a statute of limitations. Vernon v. Heckler, 811 F.2d 1274, 1277 & 1278 (9th Cir. 1987) ("In certain situations, the statute-of-limitations defense may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint"); Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir. 1993).

Courts apply equitable tolling or estoppel narrowly. Federal courts generally grant equitable relief only under two scenarios: (1) when plaintiff's delay is excusable and not unduly prejudicial to the defendant (equitable tolling); or (2) when the defendant, through wrongful conduct, prevented the plaintiff from making her claim (equitable estoppel). See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."). Plaintiff's lack of diligence is not a grounds for equitable tolling. Id. Equitable tolling may be granted, however, when the statute of limitations was violated due to defective pleadings, when a plaintiff was deceived into letting a deadline expire by an adversary, and when an inadequate notice of the deadline was given. See Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (citing Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990)). Equitable estoppel is only granted on the basis of affirmative misconduct. See Socop-Gonzalez v. Immigration and Naturalization Service, 272 F.3d 1176, 1184 (9th Cir. 2001).

Plaintiff asserts that equitable tolling is a factual issue, and the complaint is "insufficient to establish that there are no possible circumstances which might justify equitable tolling." Pl.'s Opp. at 1. Plaintiff argues that the statute of limitations issue cannot properly be decided at this time, citing Vernon, 811 F.2d at 1278 ("The affirmative defense of statute of limitations, however, is properly raised in a responsive pleading"). Plaintiff believes that Defendant should file an answer "asserting the statute of limitations as an affirmative defense" and the administrative transcript. Pl.'s Opp. at 1. However, this Court already ruled on this issue in its last order, instructing Plaintiff to amend her complaint to include allegations supporting equitable tolling or estoppel, if she had a

good faith basis for doing so.

The question here is whether Plaintiff has adequately pled a basis for equitable tolling to 42 U.S.C. § 405(g) by alleging "language barriers and mental illness impairing the ability to meet such deadlines," even though she does not dispute that she was represented by an attorney throughout the relevant periods. AC ¶ 7. Equitable tolling is not available when the plaintiff was represented by counsel during the relevant period of time. See Leorna v. United States Dept. of State, 105 F.3d 548, 551 (9th Cir. 1997) (addressing equitable tolling in the context of the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and stating: "However, once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements") (internal quotations and citation omitted); see also Garfield v. Astrue, 2008 WL 5221095, at *8 (N.D. Cal. Dec. 12, 2008) (citing Leorna in denying tolling of 42 U.S.C. § 405(g), and not reaching the issue of plaintiff's alleged mental illness, stating: "[B]ecause plaintiff retained counsel . . . the court need not reach whether grounds existed for tolling the limitations period . . ."); Vitt v. Astrue, 2008 LEXIS 14674, at *5 (N.D. Cal. Feb. 14, 2008) (citing Leorna in denying tolling of 42 U.S.C. § 405(g) and stating: "Plaintiff, who was represented by counsel, had enough information to file her social security disability appeal on time. However, she and her attorney did not do so. Equitable tolling is not available to avoid the consequences of Plaintiff's negligence or that of her counsel").

Here, Defendant has argued in its moving papers that Plaintiff was represented by the same attorney for her Social Security disability benefits claim below and in this case, and according to the Social Security Administration ("SSA") notices, that attorney received a copy of both the April 6, 2009 Notice of Decision–Unfavorable and the September 23, 2009 Notice of Appeals Council Action from the SSA. See Def.'s Mot. Ex. 1. Notably, Plaintiff did not dispute this point in her opposition but was completely silent on the issue, despite the opportunity to do so. The September 23, 2009 letter from the SSA clearly stated that Plaintiff had sixty days in which to appeal the decision. See Def.'s Mot. Ex. 1. Plaintiff's attorney filed the request for judicial review on December 8, 2009, approximately eleven days late. Therefore, although Plaintiff seeks equitable tolling on the basis of mental

4

illness and language barriers, the Court declines to apply equitable tolling since Plaintiff was represented by counsel both at the time of the denial of benefits and in filing her complaint, and she does not deny that the representation was ongoing from the denial through this lawsuit. Thus, Defendant's motion to dismiss Plaintiff's complaint is granted with prejudice.

**IT IS SO ORDERED.**

Dated: October 1, 2010

                                      ELIZABETH D. LAPORTE
                                      United States Magistrate Judge